[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a bench trial, defendant-appellant, David L. Wright, was convicted of felonious assault, resisting arrest, and tampering with evidence. He has filed a timely appeal from those convictions, in which he presents three assignments of error for review.
In his first assignment of error, he contends that the convictions for felonious assault and tampering with evidence were not supported by sufficient evidence. We disagree.
Wright's main contention in this assignment of error is that the state's witnesses were not credible for various reasons, but matters as to the credibility of evidence are for the trier of fact to decide. Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
Our review of the record shows that the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Wright had knowingly caused serious physical harm to the victim. A perforated eardrum that caused the victim substantial pain and some hearing loss constituted serious physical harm as that term is defined in R.C. 2901.01(A)(5)(c) and (e). See In reTripp (Oct. 1, 2001), 4th Dist. No. 01CA8; State v. Wilson (Sept. 21, 2000), 8th Dist. No. 77115; State v. Wright (Dec. 8, 1995), 11th Dist. No. 94-A-0073. Consequently, the evidence was sufficient to show that Wright had committed the offense of felonious assault pursuant to R.C.2903.11(A)(1). See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus; State v. Ashbrook (Apr. 30, 1997), 1st Dist. No. C-960535.
Further, the state's evidence, when viewed in a light most favorable to the prosecution, could have convinced a rational trier of fact that Wright, acting with knowledge that an official proceeding or investigation was in progress or was about to be or likely to be instituted, had altered, destroyed or removed the police officer's notes with a purpose to impair their value or availability as evidence in the proceeding or investigation. Therefore, the evidence was sufficient to support Wright's conviction for tampering with evidence pursuant to R.C.2921.12(A)(1). See Jenks, supra, paragraph two of the syllabus;Ashbrook, supra; State v. Scarborough (Apr. 24, 1996), 1st Dist. No. C-950293. Accordingly, we overrule Wright's first assignment of error.
In his second assignment of error, Wright contends that his convictions for felonious assault and tampering with evidence were against the manifest weight of the evidence. The standards for reviewing the weight and the sufficiency of the evidence to support a criminal conviction are different. See State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541, paragraph two of the syllabus; Ashbrook, supra. Even if a court of appeals determines that the evidence was sufficient to support the conviction, it may nevertheless conclude that the conviction was against the manifest weight of the evidence. See Thompkins, supra, at 387, 678 N.E.2d at 546-547; Ashbrook, supra.
After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Wright's convictions and order a new trial. Therefore, the convictions were not against the manifest weight of the evidence. SeeThompkins, supra, at 387, 678 N.E.2d at 546-547; State v. Allen (1990),69 Ohio App.3d 366, 374, 590 N.E.2d 1272, 1278. Accordingly, we overrule Wright's second assignment of error.
In his third assignment of error, Wright contends that the trial court erred in failing to rule on his motion to suppress as required by Crim.R. 12(E). Our review of the record shows that Wright failed to pursue his motion and did not object to the trial court's failure to rule on it. Consequently, he waived any error but plain error. See State v.Echols (1998), 128 Ohio App.3d 677, 704, 716 N.E.2d 728, 747; State v.Wiseman (Oct. 22, 1985), 4th Dist. No. 498; State v. Ziepfel (May 29, 1985), 1st Dist. No. C-840629.
The record does not demonstrate that but for the trial court's alleged error, the results of the proceedings would have been different. Even if the trial court had granted Wright's motion to suppress, the exclusion of his statement to the police would not have changed the outcome of the proceedings, as the state's other evidence was sufficient to prove he had committed the offense of felonious assault. Consequently, the alleged error did not rise to the level of plain error, and we overrule Wright's third assignment of error. See State v. Wickline (1990), 50 Ohio St.3d 114,119-120, 552 N.E.2d 913, 919-920; Echols, supra, at 704,716 N.E.2d at 747.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.